UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COMMONWEALTH OF KENTUCKY                                                    Plaintiff

v.                                                  Criminal Action No. 3:19-cr-205-RGJ

ANTONIA D. WILLIAMSON                                                       Defendant

\* \* \* \* \*

**MEMORANDUM OPINION**

This action was opened by *pro se* Petitioner when he filed a "Notice of Removal" in this Court apparently of a state-court criminal case against him. As set forth below, this action will be dismissed.

**I.**

The Notice of Removal states at the top of the first page that it was directed to the Clerk of the Jefferson County District Court and the Clerk of this Court. It is unclear to this Court what the purpose of the filing is, but it is clear that it bears the hallmarks of sovereign-citizen theory. The top of each page is captioned: "Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States." The document states:

> Moors[1] are not, nor ever have been, a '14th amendment Citizen' of the U.S. Corporation company . . . The United States is a Federal Corporation, not a country . . . all issues or disputes between Moors and united States citizens must be litigated within federal courts with prescribed jurisdiction . . . Any further issues or disputes that the State Courts or other U.S. Citizens may have be litigated in federal court with consuls from the Morroccan/Moorish nation present.

The document also refers to the Uniform Commercial Code (UCC).[2]

---

[1] "'Moorish-Americans' (or 'Moorish sovereigns') are a group of black sovereign citizens who claim birthright citizenship in a purported North American black nation that predates the United States." *United States v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305, at *2 n.3 (E.D. Tenn. June 28, 2019) (citation omitted).

[2] Reference to the UCC is one of the hallmarks of the "sovereign citizen" movement. *See Cook*, 2019 WL 2721305, at *1.

On the first page of the document, reference is made to a presumably Kentucky state court case captioned *Commonwealth v. Williamson, Antonia D.*, with case number "19-T-036340." However, the document appears to be signed by "Nazir Bey" and declares him to be "A Free Moorish American national and citizen of the free National Government of Morocco" in honor of his "Moabite ancestors to time immemorial, exercising the Divine and Common-Law-Right to Jus Postiliminii, in accord with the high principles of Love, Truth, Peace, Freedom and Justice." The return address of the envelop is Nazir Abdullah Bey with an address in "Louisville, Kentucky Republic." Attached is a "Writ of Prohibitio," which asserts that this Court has jurisdiction of any dispute with "Moorish American national Nazir Abdullah Bey, distinguished from and not to be identified as, nor held as surety for, WILLIAMSON ANTONIA D." and that "Moorish Consuls must be present." The document contains a "seal" emblazoned with "Rise of the Moors[;] Office Seal."

## II.

A district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The premise of the instant action is clearly based on "sovereign citizen" theories, which have "been uniformly rejected by the federal courts" for decades. *See, e.g.*, *Smith v. Heyns*, No. 13-14013, 2014 WL 3687119, at *1 n.1 (E.D. Mich. July 24, 2014). "Sovereign citizen" arguments "have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13-CV-760 MAD/DEP, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014). Claims based on "sovereign citizen" theories may be dismissed without "extended

argument" as patently frivolous. *United States v. Ward*, No. 98-30191, 1999 WL 369812, at *2 (9th Cir. May 13, 1999); *see also United States v. McQuarters*, No. 11-MC-51386, 2013 WL 6095514, at *2 (E.D. Mich. Nov. 20, 2013).

Accordingly, the Court finds that this action meets the standard set forth in *Apple v. Glenn*. Therefore, this action must be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**III**.

The Court will enter a separate Order dismissing the instant action for the reasons stated herein.

Date: January 3, 2020

Rebecca Grady Jennings, District Judge
United States District Court

cc: Petitioner. *pro se*
A961.009